UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

    5K CAR STORE, INC
    A New Mexico Corporation
    EIN: 27-1246229                                    Case No. 17-11456-t11
    Debtor.

## MOTION PURSUANT TO 11 U.S.C. § 365 TO REJECT LEASE, EFFECTIVE NUNC PRO TUNC

**COMES NOW**, the Debtor, 5K CAR STORE, INC., by and through counsel of record, ALBUQUERQUE BUSINESS LAW, P.C. (James T. Burns), as Debtor-in-Possession, filing this Motion to Reject Certain Executory Contracts (the "Motion"), *nunc pro tunc* to the Petition Date, and in support thereof, respectfully states as follows:

<u>SUMMARY OF RELIEF REQUESTED</u>

1. On June 2, 2017, the above named Debtor, 5K CAR STORE, INC dba RECARNATION, hereafter referred to as "Debtor" filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code and is operating as debtor-in-possession of the estate.

2. Pursuant to section 365(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Debtors request authorization to reject a lease, namely a lease agreement with POS Credit Corporation ("POS") and the Debtor (the "Lease"). A full and complete copy of the Lease is attached hereto as **Exhibit A**, attached hereto and incorporated herein.

3. The Debtor requests that the rejection of the Lease be effective as of the Petition Date.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). The relief requested herein is authorized under Section 365 of the Bankruptcy Code. Venue of the Debtors' chapter 11 cases is proper in this district pursuant to 28 U.S.C. §§ 1408(1) and (2), and § 1409.

## FACTUAL BACKGROUND

4.     Debtor provides vehicle servicing and detailing.

5.     The Lease is for a certain electronic sign used by Debtor.

6.     The Lease is not necessary for the Debtor's continuing business operations or the administration of the Debtor's estates, and maintaining the Executory Contracts would impose unnecessary costs and burdens on the Debtor's estates. Accordingly, the Debtor submits this Motion to reject the Executory Contract.

**A.     Rejection of the Lease Reflects Debtor's Sound Business Judgment.**

7.     Section 365(a) of the Bankruptcy Code provides, in pertinent part that a debtor in possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 521 (1984); see also In re Lavigne, 114 F.3d 379, 386 (2d Cir. 1997). "[T]he purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property.'" *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2d Cir. 1993), *cert. dismissed*, 511 U.S. 1026 (1994).

8.     Courts defer to a debtor's business judgment in rejecting an executory contract or unexpired lease, and upon finding that a debtor has exercised its sound business judgment, approve the rejection under section 365(a) of the Bankruptcy Code. *See Bildisco & Bildisco*, 465 U.S. at 523

(recognizing the "business judgment" standard used to approve rejection of executory contracts and unexpired leases); *Nostas Assocs. v. Costich (In re Klein Sleep Products, Inc.)*, 78 F.3d 18, 25 (2d Cir. 1996) (recognizing the "business judgment" standard used to approve rejection of executory contracts); In re Minges, 602 F.2d 38, 42–43 (2d Cir. 1979) (holding that the "business judgment" test is appropriate for determining when an executory contract can be rejected); *In re G Survivor Corp.,* 171 B.R. 755, 757 (Bankr. S.D.N.Y. 1994), aff'd, 187 B.R. 111 (S.D.N.Y. 1995) (approving rejection of license by debtor because such rejection satisfied the "business judgment" test); *In re Child World, Inc.*, 142 B.R. 87, 89 (Bankr. S.D.N.Y. 1992) (stating that a debtor may assume or reject an unexpired

9. The "business judgment" standard is not a strict standard; it requires only a showing that either assumption or rejection of the executory contract or unexpired lease will benefit a debtor's estate. *See In re Helm,* 335 B.R. 528, 538 (Bankr. S.D.N.Y. 1996) ("To meet the business judgment test, the debtor in possession must 'establish that rejection will benefit the estate.' ") (citation omitted); *In re Balco Equities, Inc.*, 323 B.R. 85, 99 (Bankr. S.D.N.Y. 2005) ("In determining whether the debtor has employed reasonable business discretion, the court for the most part must only determine that the rejection will likely benefit the estate.") (*quoting G Survivor,* 171 B.R. at 757)). Further, under the business judgment standard, "[a] debtor's decision to reject an executory contract must be summarily affirmed unless it is the product of 'bad faith, or whim or caprice.'" I*n re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001).

10. As noted above, the Debtor has reviewed the Lease and has determined it is no longer necessary for or beneficial to the Debtor's ongoing businesses, and creates unnecessary and burdensome expenses for the Debtor's estates. In addition, the Debtor has determined that no meaningful value would be realized by the Debtor if the Lease were assumed and assigned to third parties. Accordingly, the Lease should be rejected.

**B.     Nunc Pro Tunc Relief is Appropriate.**

Bankruptcy courts are empowered to grant retroactive rejection of a contract or lease under Bankruptcy Code sections 105(a) and 365(a).  *See Thinking Machs. Corp. v. Mellon Fin. Servs. Corp. (In re Thinking Machines Corp.)*, 67 F.3d 1021, 1028-29 (1st Cir. 1995) (indicating "rejection under section 365(a) does not take effect until judicial approval is secured, but the approving court has the equitable power, in suitable cases, to order a rejection to operate retroactively" to the motion filing date); *see also Pacific Shore Dev., LLC v. At Home Corp. (In re At Home Corp.)*, 392 F.3d 1064, 1067 (9th Cir. 2004) (same); *In re Chi-Chi's, Inc.,* 305 B.R. 396, 399 (Bankr. D. Del. 2004).  ("[T]he court's power to grant retroactive relief is derived from the bankruptcy court's equitable powers so long as it promotes the purposes of § 365(a).").

The equities of these cases favor rejection of the Lease *nunc pro tunc* to the Petition Date. Rejection *nunc pro tunc* will permit the Debtor to reduce the burdensome cost and avoid additional, unnecessary administrative charges incurred under the agreements that are not necessary to the Debtor's operations or chapter 11 efforts.

## NOTICE

Notice of this Motion will be provided by overnight delivery and/or e-mail or facsimile to: (a) the Office of the United States Trustee; (b) POS; and (c) the 20 largest unsecured creditors of the Debtors.  The Debtors submit that such notice is sufficient and no other or further notice need be provided.

**WHEREFORE,** PREMISES CONSIDERED, the Debtor requests that the Court enter an order rejecting the Lease as of the Petition Date, and for such other and further relief, both at law and in equity, to which the Debtor may be justly entitled.

Respectfully Submitted,

ALBUQUERQUE BUSINESS LAW, P.C.

*/s/ James T. Burns "Electronically Filed"*
James T. Burns III
*Counsel for Debtor*
1801-B Rio Grande Blvd NW
Albuquerque, NM 87104
(505) 246-2878
(505) 246-0900 –facsimile
james@abqbizlaw.com

CERTIFICATE OF SERVICE

I, James T. Burns III, hereby certify that on June 9, 2017 a true and correct copy of the foregoing pleading was filed electronically with the Bankruptcy Court in accordance with the CM/ECF system filing procedures for providing electronic service to the parties of record identified with the Bankruptcy Court, along with a courtesy copy to the U.S. Trustee. On June 6, 2017 copies of the foregoing was sent via overnight delivery and/or e-mail or facsimile to: (a) the Office of the United States Trustee; (b) POS; and (c) the 20 largest unsecured creditors of the Debtors.

*/s/ James T. Burns*
James T. Burns