UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

**5K CAR STORE, INC**
A New Mexico Corporation
EIN: 27-1246229                                    Case No. 17-11456-t11
    Debtor.

---

**MOTION FOR AN ORDER AUTHORIZING (A) PAYMENT OF
PREPETITION EMPLOYEE WAGES AND SALARIES;
AND (B) PAYMENT OF ALL COSTS AND EXPENSES INCIDENTAL
TO THE FOREGOING PAYMENTS**

---

**COMES NOW**, the Debtor-in-Possession in the above-captioned Chapter Eleven proceeding, 5K CAR STORE, INC (hereinafter Debtor"), by and through its counsel of record, ALBUQUERQUE BUSINESS LAW, P.C (James T. Burns) and hereby moves the Court for entry of an order authorizing: (a) payment of prepetition employee wages and salaries; and (b) payment of all costs and expenses incident to the foregoing payments, and as grounds therefor states as follows:

1. On June 2, 2017, the above-named Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code and is operating as Debtor in possession of its estate. The Debtor remains a Debtor-in-Possession.

2. The Debtor is engaged in business Albuquerque, New Mexico.

3. The Debtor currently employs 14 employees ("Employees").

4. As of the Petition Date, the Debtor owed its Employees approximately $21,748.30 in gross wages earned prior to, and during the time since the petition date ("Employee Payroll Obligation").

PRECISELY HOW MUCH OF THIS AMOUNT IS FOR SHAREHOLDERS?

6. The Debtor was unable to pay the Employee Payroll Obligation prior to filing its chapter

11 case. In order to maintain its business operations, the Debtor must pay its Employees.

7. The Debtor requests authority to pay, in its sole and absolute discretion, any pre-petition Employee Payroll Obligation and related liabilities, including employee and employer paid taxes.

8. It is necessary for the Debtor to compensate the Employees. The continued and uninterrupted service of the Employees is essential to the Debtor's continued operations and restructuring efforts.

9. The Debtor seeks authority to pay the Employee Payroll Obligation because substantial delays in paying it will likely adversely affect the Debtor's relationship with its Employees. The Debtor maintains a number of Employees, with each of the Employees providing services that are integral to the Debtor's business operations. Employee support for the Debtor's reorganization efforts and continued employment is critical to the Debtor's success. The Debtor cannot afford substantial attrition in its workforce at this stage in its reorganization process.

10. Under Bankruptcy Code § 507(a)(4), each Employee may be granted a priority claim for:

> allowed unsecured claims, but only to the extent of $12,475 for each individual or corporation, as the case may be, earned within 180 days before the date of the filing of the petition or the date of the cessation of the Debtor's business, whichever occurs first, for-
>
> (A) wages, salaries, or commissions, including vacation, severance, and sick leave pay earned by an individual; or
>
> (B) sales commissions earned by an individual or by a corporation with only 1 employee, acting as an independent contractor in the sale of goods or services for the Debtor in the ordinary course of the Debtor's business if, and only if, during the 12 months preceding that date, at least 75 percent of the amount that the individual or corporation earned by acting as an independent contractor in the sale of goods or services was earned from the Debtor.

11 U.S.C. § 507(a)(4).

11. The Employee Payroll Obligation totals approximately $21,748.30 spread among

14 employees, and the payments made to each of the Employees will be well below the $12,475 maximum for each Employee under 11 U.S.C. §507(a)(4). All of the Employee claims that the Debtor seeks to pay in the ordinary course of business are entitled to priority pursuant to Bankruptcy Code§ 507(a)(4). Granting the relief sought herein with respect to claims entitled to such priority would affect only timing, and not the amount, of the payment to be made to the Employees.

## Legal Authority

12.     Pursuant to sections 363(b) and 105(a) of the Bankruptcy Code and the "necessity of payment" doctrine, the Debtor seeks authority to pay its outstanding Employee Payroll Obligation and costs and expenses incident thereto (collectively as "Obligations").  Section 363(b)(1) of the Bankruptcy Code authorizes a debtor-in-possession to use property of the estate other than in the ordinary course of business after notice and a hearing. Section 105(a) of the Bankruptcy Code further provides, in pertinent part, that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

13.     The Employees rely on their wages and compensation to pay for the basic necessities of life, rent, food, and energy. Failure to pay the Employees will result in a substantial hardship to the Employees.

14.     Retention of the Employees is vital to preserving the value of the Debtor's business. If the Debtor is not authorized to pay the Obligations to the Employees, it may not be able to retain all of its Employees. In such an event, the Debtor would have to hire and train new employees to replace any Employees who left, resulting in additional costs and expenses for the Debtor.  Additionally, the

Debtor would lose substantial business while they hired and trained replacements.

15. Even if Employees remain with the Debtor, it will be difficult for the Debtor to maintain the morale and dedication of the Employees if the Debtor is not authorized to pay the Obligations, resulting in a decrease of business for the Debtor. Such a result would negatively affect the value of the Debtor's business and the Debtor's ability to successfully reorganize. The continued support of the Debtor's reorganization efforts by the Employees is critical. As such, it is in the best interests of the Debtor, creditors and the estate for the Debtor to be authorized pay the Obligations.

16. The Debtor will have sufficient funds on hand to pay the Obligations. The Debtor's funds are cash collateral in which one or more secured creditors may have an interest. All secured creditors will receive notice of this Motion.

**WHEREFORE**, the Debtor prays that the Court make and enter an order authorizing the Debtor, in its sole discretion, to pay the Obligations to its Employees and related parties, including taxing authorities, that accrued but remained unpaid as of the Petition Date; and for such further and additional relief to the Court may appear proper.

Respectfully Submitted:

ALBUQUERQUE BUSINESS LAW, P.C.

*/s/ James T. Burns "electronically submitted"*
James T. Burns, Esq.
Counsel for Debtor
1801 Rio Grande Blvd. Suite B
Albuquerque, NM 87104
(505) 246-2878
(505) 246-0900 – facsimile
james@abqbizlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2017, a true and correct copy of the foregoing pleading was filed electronically with the Bankruptcy Court in accordance with the CM/ECF system filing procedures for providing electronic service to the entire creditor matrix identified with the Bankruptcy Court, courtesy copies were emailed to the U.S. Trustee.

U.S. Trustee
ustpregion20.aq.ecf@usdoj.gov
Alice.N.Page@usdoj.gov
Jeffery.Speidel@usdoj.gov

*James T. Burns*
James T. Burns