**IT IS ORDERED**

**Date Entered on Docket: July 27, 2017**



_____

**The Honorable David T. Thuma**
**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

In re: 5K Car Store, Inc.,                                               Case No. 17-11456-t11
       A New Mexico Corporation,
       EIN: 27-1246229
       Debtor.

### ORDER FIXING TIME FOR FILING PROOFS OF CLAIM AND INTERESTS

This matter came before the Court on the Debtor's Motion for Order Setting Bar Date, filed on July 24, 2017, docket #54 (the "Motion"). The Court finds that the Motion is well taken and should be granted. IT IS ORDERED:

1.      <u>General Bar Date</u>.  Except as provided in paragraphs 2, 3, 4 and 5, the last date for filing proofs of claim and interests (the "General Bar Date") is fixed, in accordance with Bankruptcy Rule 3003(c)(3), as a date certain that is at least 45 days after the date of service of notice of the General Bar Date.  Debtor must select a date that does not fall on a Saturday, Sunday, or legal holiday.  The Debtor shall give notice of the General Bar Date using the form attached hereto as <u>Exhibit A</u> (the "Bar Date Notice").  Further, Debtor, when giving notice of the General Bar Date, shall give a specific notice, using the form attached hereto as <u>Exhibit B</u> (the "Disputed Claim Notice"), to each creditor whose claim is scheduled as disputed, contingent, and/or unliquidated, that its claim has been scheduled as such and that it will receive no distribution under any chapter 11 plan or be entitled to vote on such a plan unless the creditor timely files a proof of claim.

2.      <u>Executory Contracts and Avoidance Actions</u>.  The last day for filing proofs of claim arising from the rejection of an executory contract or unexpired lease, and/or the recovery of a voidable transfer, pursuant to Bankruptcy Code §§ 502(g) and 502(h), respectively, is the later of (i) the General Bar Date; or (ii) 30 days after the mailing to the claimant of notice of entry of an order approving the rejection of such executory contract or unexpired lease, or the avoidance of such transfer, with a copy of the Bar Date Notice.

-2-

Case 17-11456-t11    Doc 57    Filed 07/27/17    Entered 07/27/17 16:18:53 Page 2 of 9

3. <u>Governmental Units</u>. The last day for filing proofs of claim of a governmental unit, pursuant to Bankruptcy Code §502(b)(9), is the later of (i) the General Bar Date; or (ii) 180 days after the date of order for relief.

4. <u>Schedule Amendments</u>. If the Debtor amends its bankruptcy schedules and the amendment reduces the liquidated amount of a scheduled claim, or reclassifies a claim scheduled as undisputed, liquidated, and non-contingent to a disputed, unliquidated, and/or contingent claim, then the claimant affected by such amendment is permitted to file proof of such claim on or before the later of (i) the General Bar Date or (ii) 30 days after the mailing of notice of such amendment to such claimant with a copy of the Bar Date Notice AND The Disputed Claim Notice, but only to the extent such proof of claim does not exceed the amount scheduled for such claim prior to such amendment. This extended claims bar date does not apply if an amendment to the Schedules increases the claim deemed filed under 11 U.S.C. §1111(a) or if the creditor previously filed a proof of claim on or before the General Bar Date.

5. <u>Claims Allowed by Court Order; Administrative Expenses</u>. The General Bar Date shall not apply to any particular types of pre-petition claims that this Court specifically authorizes to be paid, by order entered prior to the General Bar Date, or to administrative expenses arising under Bankruptcy Code §§ 330(a), 331, 364, 503, 507(a)(1), 507(a)(2), or 507(b).

### END OF ORDER ###

Submitted by:

/s/ Don F. Harris "Electronically Signed"
Don F. Harris
Jason M. Cline
NM Financial Law, P.C.
320 Gold Avenue SW, Suite 610
Albuquerque, NM  87102
Phone: 505-503-1637
Email:   dfh@nmfinanciallaw.com
Email:   jmc@nmfinanciallaw.com

**Exhibit A**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: 5K Car Store, Inc.,                                           Case No. 17-11456-t11
        A New Mexico Corporation,
        EIN: 27-1246229
        Debtor.

**NOTICE OF DEADLINE FOR FILING PROOFS OF CLAIM AND INTERESTS**

       1. <u>General Claims Bar Date</u>. If you assert a claim against or interest in the Debtor, to preserve your right to be treated as a creditor or interest holder with respect to such claim or interest, for the purposes of voting and distribution, you must file a Proof of Claim by (*date*) *[USE BOLD*] (the "General Bar Date") in the following circumstances:

       (i)      If your claim or interest has not been listed in the Debtor's bankruptcy schedules ("Schedules");

       (ii)     If you disagree with the amount of the claim or interest set forth in the Schedules;

       (iii)    If the Debtor scheduled your claim as disputed, contingent and/or unliquidated;

       (iv)    To preserve an unsecured deficiency claim if such claim is not scheduled or is scheduled as disputed, contingent, and/or unliquidated;

       (v)     If you believe your claim is entitled to priority under the Bankruptcy Code, and the Debtor did not so schedule your claim.

Any Proof of Claim or Interest timely filed by a creditor or interest holder will supersede any scheduled claim or interest. If your claim is scheduled as disputed, contingent, and/or unliquidated, the Debtor is required to so notify you.

       2. <u>Bar Date for Interests</u>. [<u>If applicable</u>]: If you are an equity security holder of the Debtor, such as a stockholder, to preserve your right to be treated as an equity

security holder with respect to such interest you must file a Proof of Interest by the General Bar Date.

3. <u>Bar Date for Governmental Units</u>. If you are a governmental unit, the last day for filing proofs of claim is the later of i) the General Claims Bar Date; or (ii) 180 days after the date of the order of relief.

4. <u>Claims Filed After Amended Schedules Are Filed.</u> If the Debtor amends the Schedules and the amendment reduces the liquidated amount of a scheduled claim or reclassifies a scheduled undisputed, liquidated, and non-contingent claim to a disputed, unliquidated, and/or contingent claim, then the claimant affected by such amendment shall be permitted to file proof of such claim only on or before the later of (i) the General Bar Date and (ii) 30 days after the mailing of notice of such amendment to such claimant with a copy of this Notice, but only to the extent such proof of claim, if filed after the General Bar Date, does not exceed the amount scheduled for such claim prior to such amendment. This extended claims bar date does not apply if an amendment to the Schedules increases the claim deemed filed under 11 U.S.C. §1111(a) or if the creditor previously filed a proof of claim before the General Bar Date.

5. <u>Claims Arising from Rejection of a Contract or Lease or Avoidance of a Transfer</u>. The last day for filing proofs of claim arising from the rejection of an executory contract or unexpired lease, and/or the recovery of a voidable transfer, pursuant to Bankruptcy Code Sections 502(g) and 502(h) respectively, is the later of (i) the General Bar Date; or (ii) 30 days after the mailing to the claimant of notice of entry of an order approving the rejection of such executory contract or unexpired lease, or the avoidance of such transfer, with a copy of this Notice.

6. <u>Consequences of Failing to File a Proof of Claim or Interest Timely</u>. If you are required but fail to file a Proof of Claim or Interest timely, and your claim or interest is not scheduled, is scheduled for $0.00, or is scheduled as disputed, contingent or unliquidated in the Schedules, with very limited exceptions: (a) your claim or interest will be barred, and you will not participate in the Debtor's estate or receive any distribution under any plan or plans of reorganization filed in this chapter 11 case; (b) you shall be forever barred from voting with respect to any such plan or plans of reorganization; and (c) you shall be bound by the terms of any such plan or plans of reorganization, if confirmed by the Court.

7. <u>Responsibility to Review the Schedules</u>. You are responsible for determining that your claim or interest, including its amount, is accurately scheduled by

the Debtor.  This determination may be made by:  (a) reviewing the Schedules online using a CM/ECF or PACER account; (b) reviewing the Schedules in the Office of the Clerk, 10th Floor, Dennis Chavez Federal Building and United States Courthouse, 500 Gold Avenue SW, Albuquerque, New Mexico, between 8:30 am and 4:30 pm, or (c) by contacting the Debtor's attorney: [*insert name, address and telephone number of the attorney*].

8. Previously Filed Claims.  Creditors who have already filed proofs of claims or interests need not file them again.

9. Proof of Claim Form.  A proof of claim form is enclosed with this notice. A proof of claim can also be submitted directly from the Court's website through the Electronic Proof of Claim (ePOC) program.  *See* www.nmb.uscourts.gov/claims-e-filing. A login and password are **not** required, and no claim form is needed to submit an original or amended proof of claim through ePOC.

/s/ Don F. Harris "Electronically Signed"
Don F. Harris
Jason M. Cline
NM Financial Law, P.C.
320 Gold Avenue SW, Suite 610
Albuquerque, NM  87102
Phone: 505-503-1637
Email:  dfh@nmfinanciallaw.com
Email:  jmc@nmfinanciallaw.com

The undersigned certifies that on _____, a copy of this Notice was served by United States first class mail on all parties on the official mailing list maintained by the Clerk of the Bankruptcy Court for this case, all at their addresses on such mailing list [*and to, insert if applicable*].  A copy of the mailing list used for such service is attached to the copy of this Notice filed of record.

/s/ Don F. Harris "Electronically Signed"
Don F. Harris

**Exhibit B**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:  5K Car Store, Inc.,                                          Case No. 17-11456-t11
        A New Mexico Corporation,
        EIN: 27-1246229
        Debtor.

**NOTICE OF DISPUTED, CONTINGENT, OR UNLIQUIDATED CLAIM
AND NOTICE OF DEADLINE FOR FILING PROOF OF CLAIM**

To:     Claimant
        Address

        Scheduled claim amount:  $_____
        Claim scheduled as:  [disputed, contingent, or unliquidated, as applicable]

[**Note***:  If there is more than one claimant to whom this notice will be given, multiple claimants may be added here, or an exhibit may be used to list each claimant, and the amount of the claim scheduled as disputed, contingent, or unliquidated*.]

    1.  The Debtor scheduled your claim as indicated above.  Any creditor whose claim is not scheduled or whose claim is scheduled as disputed, contingent, or unliquidated in the schedules filed by the Debtor must file a proof of claim by (**date**) [*USE BOLD*].  Any creditor required to file a proof of claim who fails to do so shall not be treated as a creditor with respect to such a claim for the purposes of voting and distribution.

    2.  Creditors who have already filed claims need not file them again.

    3.  A proof of claim form is enclosed with this notice.

/s/ Don F. Harris "Electronically Signed"
Don F. Harris
Jason M. Cline
NM Financial Law, P.C.
320 Gold Avenue SW, Suite 610
Albuquerque, NM 87102
Phone: 505-503-1637
Email: dfh@nmfinanciallaw.com
Email: jmc@nmfinanciallaw.com

The undersigned certifies that on _____, a copy of the foregoing notice was served by United States first class mail on the parties listed above, at the addresses shown.

/s/ Don F. Harris "Electronically Signed"
Don F. Harris