UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: 5K CAR STORE, INC.  No. 17-11456-t7
a New Mexico Corporation
EIN No. 27-1246229,
    Debtor.

**TRUSTEE'S MOTION TO SELL ESTATE'S INTEREST IN INSTALLMENT CONTRACT FOR PURCHASE OF 2012 MERCEDES GL450**

    Yvette J. Gonzales, Chapter 7 Trustee (the "Trustee"), by and through her undersigned counsel, for her Motion, states:

    1.    5K Car Store, Inc., a New Mexico Corporation, ("Debtor") filed a Chapter 11 case on June 2, 2017.

    2.    Pursuant to the Order of the Court entered on July 31, 2018 (Doc. No. 234), the case was converted to a case under Chapter 7 of the Bankruptcy Code effective August 31, 2018, and Yvette J. Gonzales (the "Trustee") was appointed Chapter 7 Trustee in this case (Doc. No. 244).

    3.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and § 1334.  This is a core proceeding under 28 U.S.C. §157(b)(2).  Jurisdiction and venue are proper in this Court.

    4.    The Trustee hereby requests Court approval of the sale of an asset of the estate, as follows.

    5.    The property to be sold is the estate's interest in an installment contract for the purchase of a 2012 Mercedes GL450 (the "Vehicle"). The Trustee has entered into an agreement with purchasers Anna and Tomasz Kulczycki ("Purchasers") pursuant to which Purchasers will pay $4,000.00 to the Trustee as payment in full for the balance due on the installment contract for the Vehicle.  The balance due on the contract is approximately $7,000.00, but the Purchasers have been paying on the contract at 14% per annum interest since the Petition Date, which has

benefitted the estate. The proposed sale would prevent the possibility of default on the contract, would prevent exposure arising from the potential unforeseen destruction, damage or theft of the Vehicle, and would allow the Trustee to begin to close this estate, as the installment contract for the Vehicle is the last remaining unadministered asset in the estate.

6. The proposed sale would permit the Trustee to comply with the requirements of 11 U.S.C. §704, which requires the Trustee, *inter alia,* to "collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest"…

7. Section 363(b) of the Bankruptcy Code authorizes the sale of property of the estate other than in the ordinary course of business after notice and a hearing. A sale of assets outside the ordinary course of business is a matter within the Court's discretion. Courts generally permit a trustee to sell property of the estate outside the ordinary course where the proposed sale is a sound exercise of the trustee's business judgment and when such sale is for fair and reasonable consideration and is in good faith. See *In re Premier Concrete, LLC*, 2010 WL 1780046 (Bankr.D.N.M.2010) (citing e.g. *In re General Motors Corp.,* 407 B.R. 463, 493–94 (Bankr.S.D.N.Y. 2009); *In re Derivium Capital, LLC,* 380 B.R. 392, 404 (Bankr.D.S.C.2007); *In re Psychrometric Systems, Inc.,* 367 B.R. 670, 674 (Bankr.D.Colo.2007).

8. In *Premier*, Judge Jacobvitz outlined a multi-factored test for determining whether a sale is properly proposed within the trustee's business judgment:

> Non-exclusive factors used by courts in considering whether to grant a motion to sell (as first established *In re Lionel,* 722 F.2d 1063, 1071–72 (2nd Cir.1983), which articulated the "business judgment" test) include: 1) whether there was any improper or bad motive involved; 2) whether the <u>price is fair and reasonable</u> and whether the <u>transaction occurred at an arm's length</u>; and 3) whether there were adequate sales procedures, including <u>proper exposure to the market</u> and <u>fair and reasonable notice to all parties in interest</u>. *E.g. In re Castre,* 312 B.R. 426, 428 (Bankr.D.Colo.2004); *In re Medical Software Solutions* 286 B.R. 431, 440–441 (Bankr.D.Utah 2002). *See also In re Allison,* 39 B.R. 300, 303 (Bankr.D.N.M. 1984 ("reasonable and adequate notice must be given to all interested parties," the proposed sale or lease must be

"economically reasonable" and that objecting parties will not be able to defeat a plan of reorganization)).

*Premier* at *2 (emphasis supplied).

9. The Trustee states that the sale contemplated by this Motion satisfies all the non-exclusive factors for determining whether to grant a motion to sell under *Premier*.

10. Based on the foregoing, the Trustee has determined that, in her business judgment, the proposed sale is for fair and reasonable consideration, is in good faith, does not unfairly benefit any party in interest, will maximize the value of the Estate, and should be authorized.

11. The Trustee believes that granting this Motion is in the best interest of the estate and the creditors, and therefore requests that the Court approve the proposed sale.

12. This Motion will be noticed to all creditors and parties in interest.

WHEREFORE, the Trustee requests that the Court enter its Order approving the sale as proposed herein, and authorizing the Trustee to take any and all actions necessary to close on the sale, including but not limited to executing sale documents, title documents, a bill of sale, or other required documents, delivering the title to the Purchasers upon receipt of the purchase price, and for such other and further relief as the Court deems just.

Respectfully submitted,

WALKER & ASSOCIATES, P.C.
By: s/ filed electronically
    Chris W. Pierce
    500 Marquette N.W., Suite 650
    Albuquerque, New Mexico 87102
    (505) 766-9272
    (505) 766-9287 (fax)
    cpierce@walkerlawpc.com
    Attorneys for Trustee

I hereby certify that, on May 26, 2022,
in accordance with NM LBR 9036-1 and
Fed. R. Civ. P. 5(b)(3), a true copy of the
foregoing was served via the Court's CM/ECF
notification facilities to those parties who are
registered CM/ECF participants in this case,
or via U.S. Mail or otherwise to any other
parties as indicated below, including:

By CM/ECF:

US Trustee
P.O. Box 608
Albuquerque, NM 87103-0608
(505) 248-6544

<u>s/ filed electronically</u>
Chris W. Pierce